IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHAIDON BLAKE,**

    **Plaintiff,**

    v.                                                                          **CASE NO. 23-3186-JWL**

**WARDEN WILLIAMS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Shaidon Blake, who is currently confined at the El Dorado Correctional Facility in El Dorado, Kansas, brings this pro se 42 U.S.C. § 1983 action. Plaintiff filed the action in the District of Maryland on May 22, 2023, and the case was transferred to the District of Kansas on August 1, 2023. Plaintiff's claims relate to the defendants' alleged actions in connection with claims Plaintiff brought in two cases filed in this Court.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly,

---

[1] Prior to filing the instant Complaint, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Blake v. Aramark Corp., et al.*, Case No. 11-cv-3085-SAC (D. Kan. Feb. 1, 2012) (dismissed for failure to state a claim upon which relief may be granted); *Blake v. Aramark Corp*, Case No. 12- 3053 (10th Cir. July 17, 2012) (dismissed as untimely); *Blake v. Zmuda, et al.*, Case No. 21-cv-3047-SAC (D. Kan. Dec. 16, 2021) (dismissed for failure to state a claim upon which relief may be granted); *Blake v. Bos, et al*., Case No. 21-cv-3176-JWL (D. Kan. Feb. 3, 2022) (dismissed for failure to state a claim upon which relief may be granted); *Blake v. Corizon, et al.*, Case No. 21-3140-JAR-ADM (D. Kan. Feb. 11, 2022) (dismissed for failure to state a claim upon which relief may be granted); *Blake v. Kerns, et al*., Case No. 16-cv-2090-PWG (D. Md. June 23, 2016) (dismissed as untimely).

he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 1, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated August 3, 2023, in Kansas City, Kansas.**


       **S/   John W. Lungstrum**
       **JOHN W. LUNGSTRUM**
       **UNITED STATES DISTRICT JUDGE**