IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

                              Plaintiff,

v.                                              CASE NO. 23-3186-JWL

(FNU) WILLIAMS, et al.,

                              Defendants.

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Shaidon Blake, a state prisoner at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the full filing fee. For the reasons discussed below, Plaintiff is ordered to show cause why this action should not be dismissed. Also before the Court is a motion filed by Plaintiff ("Motion for Appropriate Relief"; Doc. 3).

**I. Nature of the Matter before the Court**

Plaintiff initiated this action by filing a "Memorandum in Support for Injunctive Relief" (Doc. 1) in the U.S. District Court of Maryland. The clerk treated the filing as a complaint. The case was later transferred to this Court.

Plaintiff alleges that the defendants conspired to obstruct justice in two cases he filed in this Court (Case Nos. 21-3046 and 21-3176) by stalling, burying, and interfering with his administrative remedies. He claims that the purpose of this obstruction of justice was to circumvent Maryland's Interstate Corrections Compact rules on monitoring and maintaining

records.  Plaintiff asserts that the defendants refused to comply with their administrative remedy procedure by failing to respond to Plaintiff's grievances and falsifying official documents (issuing dispositions for six hearings that were allegedly never held) that negatively impacted Plaintiff's parole decision in Maryland.

Plaintiff names the following defendants: Warden Williams, Deputy Warden Bos, Deputy Warden House, Deputy Warden Moore, John Cannon, Natasha Carter, and Secretary of Corrections Zmuda.  He asks the Court to order the Kansas Department of Corrections ("KDOC") to respond to his grievances; to correct Plaintiff's "official record"; to comply with Maryland's reporting rules; and to send a corrected report to the Maryland Parole Commission and the Maryland Department of Corrections.  He further asks the Court to order Secretary of Corrections Zmuda and Warden Williams to meet with Plaintiff to discuss "policy to prevent future occurrences." *Id*. at 9.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

3

561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

This matter is subject to dismissal for the following reasons.

**A. Lack of Proper Complaint**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. In addition, District of Kansas Local Rules require a prisoner filing a civil rights action to use forms approved by the Court for the complaint. D. Kan. R. 9.1(a). In this case, Plaintiff filed a document titled "Memorandum in Support for Injunctive Relief." It is not on the appropriate form and does not contain all of the information required to be included in a prisoner civil rights complaint. *See* D. Kan. R. 9.1(f).

Moreover, it is not even clear that Plaintiff intended the submission to be a new case, as he references another of his cases filed in this district in the caption ("In Re: Case No. 18-3146-EFM-GEB"). However, Plaintiff also included a blank line for a new case number and filed the document in the District of Maryland rather than the District of Kansas, making it appear that he wished to open a new case.

4

Given Plaintiff's pro se status, the Court has attempted to construe his Memorandum as a complaint. If Plaintiff chooses to respond to this Order, he should file an amended complaint on the proper forms.

### B. Failure to State a Claim for Violation of Constitutional Rights

Plaintiff attempts to state claims against the defendants based on their failure to abide by KDOC grievance and disciplinary procedures, as well as their failure to investigate or resolve grievances in a manner satisfactory to Plaintiff. Such claims are not actionable under § 1983. The Tenth Circuit has held that there is no independent constitutional right to state administrative grievance procedures and that the voluntary provision of an administrative grievance process does not create a liberty interest in that process. *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017); *Von Hallcy v. Clements*, 519 F. App'x 521, 523-24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Redick v. Coy*, 2022 WL 1026892 *3 (D. Kan. 4/6/2022). In addition, an alleged violation of Kansas regulations or the inmate rule book is not a deprivation of a federal right for which recovery is possible under § 1983. *See West,* 487 U.S. at 48 ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States").

The alleged lack of a response to Plaintiff's grievances does not, by itself, give rise to a constitutional violation. A prison official's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under § 1983); *Greer v. DeRobertis,* 568 F. Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); *see also Shango*

*v. Jurich,* 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment).

"Instead, '[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Boyd*, 443 F. App'x at 332 (quoting *Flick v. Alba*, 932 F. 2d 728, 729 (8th Cir. 1991)); *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (holding officials' lack of response to prisoner's grievances did not constitute a constitutional violation because "[p]rocedurally, nothing more is required than [the inmate's] ability to raise his constitutional claims in the courts, which he obviously has done here by filing a § 1983 complaint."). To the extent Plaintiff seeks injunctive relief arising from the defendants' alleged failures to abide by grievance procedures and adequately respond to or investigate Plaintiff's grievances, or prospectively change the procedures, the claims are not actionable under § 1983 and are therefore subject to dismissal.

If Plaintiff is attempting to raise the claim that deficiencies in the disciplinary process at EDCF caused him to be denied parole in Maryland, this claim was already rejected by the Court in another of Plaintiff's cases:

> Plaintiff argues that the disciplinary action affected the duration of his sentence and therefore established a protected liberty interest. He alleges that he was denied parole as a result of this, and other, disciplinary reports. The Supreme Court rejected this argument in *Sandin*, finding that the plaintiff's discipline in segregated confinement did not inevitably affect the duration of his sentence because state law did not require the parole board to deny parole based on the plaintiff's disciplinary record or to grant parole in its absence. *Sandin*, 515 U.S. at 487. Moreover, the Supreme Court noted that a prisoner is afforded procedural protection at his parole hearing and can explain the circumstances behind his disciplinary record. *Id*. "The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*.

Memorandum and Order (Doc. 4), *Blake v. Bos*, Case No. 21-3176-JWL.

Plaintiff also mentions several criminal statutes that he believes the defendants violated. Plaintiff does not have a private right of action to enforce criminal laws. Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the defendants. *See State ex rel. Rome v. Fountain*, 678 P.2d 146 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor."); *Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *U.S. v. Davis*, 285 F.3d 378, 383 (5th Cir. 2002) (court lacks power to require United States Attorney to sign indictments).

Plaintiff fails to state an actionable claim under § 1983, making this matter subject to dismissal in its entirety.

**IV.  Motion**

The motion filed by Plaintiff (Doc. 3) is the same document construed as the complaint. It is no more successful as a motion than as a complaint.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,*

7

*Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; as discussed above, the complaint fails to state a claim under § 1983 making it impossible for Plaintiff to demonstrate a likelihood of success on the merits such that his right to relief is clear and unequivocal.

## V. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 10, 2023**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appropriate Relief (Doc. 3) is **denied**.

**IT IS SO ORDERED.**

Dated October 10, 2023, in Kansas City, Kansas.

        S/ John W. Lungstrum
        JOHN W. LUNGSTRUM
        UNITED STATES DISTRICT JUDGE