## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

       Plaintiff,

       v.                        CASE NO. 23-3186-JWL

(FNU) WILLIAMS, et al.,

       Defendants.

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is a Maryland state prisoner confined at the El Dorado Correctional Facility in El Dorado, Kansas, under an interstate agreement. Plaintiff has paid the full filing fee. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 8) ("MOSC"). Plaintiff filed an Amended Complaint (Doc. 12), and the Court entered a Memorandum and Order to Show Cause (Doc. 13) ("MOSC II") directing Plaintiff to show good cause why his Amended Complaint should not be dismissed or to file a second amended complaint to cure the deficiencies set forth in the MOSC II. Plaintiff has failed to respond to the MOSC II by the Court's January 3, 2024 deadline.

Plaintiff asserts that the defendants refused to comply with their administrative remedy procedure by failing to respond to Plaintiff's grievances and falsifying official documents (issuing dispositions for six hearings that were allegedly never held) that negatively impacted Plaintiff's parole decision in Maryland.

Plaintiff names the following defendants: T. Williams, Warden, EDCF; Deputy Warden Bos, EDCF; Deputy Warden Howse, EDCF (now Warden at Lansing Correctional Facility); Deputy Warden Moore, EDCF; John Cannon, Regional Deputy Director of EAI; Natasha Carter, attorney for KDOC; Kansas Secretary of Corrections Zmuda; Patricia Smith, Interstate Corrections Coordinator, State of Maryland.   He asks the Court to order the Kansas Department of Corrections ("KDOC") to respond to his grievances; to correct Plaintiff's prison file; and to send a corrected report to the Maryland Parole Commission and the Maryland Department of Corrections.   He further seeks monetary damages.

The Court found in the MOSC II that this matter is subject to dismissal because Plaintiff's claims in the instant case were the basis of previous lawsuits and are barred based on the doctrine of claim preclusion.   Because the elements of claim preclusion are met, Plaintiff is barred from pursuing claims stemming from the six disciplinary charges and his placement and retention in segregation, as well as the handling of his related grievances.[1]   Plaintiff also previously raised an issue regarding forced medication.[2]

The Court also explained that Plaintiff does not have a private right of action to enforce criminal laws.   Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the defendants.   *See State ex rel. Rome v. Fountain*, 678 P.2d 146 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor."); *Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *U.S. v. Davis*, 285

---

[1] *See Blake v. Bos*, Case No. 21-3176.
[2] *See Blake v. Wallace*, Case No. 21-3046.

F.3d 378, 383 (5th Cir. 2002) (court lacks power to require United States Attorney to sign indictments).

Plaintiff also includes a denial of access to the courts claim.  The Court found in the MOSC II that it appears that this claim arose from his placement in segregation that was at issue in *Bos*, it was a claim that could have been raised in that lawsuit, and therefore Plaintiff is precluded from raising it in the present action.  *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (claim preclusion prevents a party from litigating a claim that was or *could have been* the subject of a previously issued final judgment).

The Court also found that Defendant Smith is described by Plaintiff as the Interstate Corrections Coordinator for the State of Maryland.  While the Amended Complaint does not provide an address for Defendant Smith, presumably she resides in Maryland.  The Court found that it appears from the face of the Amended Complaint that the Court lacks personal jurisdiction over Defendant Smith, and she is subject to dismissal from this action.[3] The Court found that Defendant Smith does not appear to have the kind of continuous and systematic contacts with Kansas to support the exercise of "general" personal jurisdiction over her.  Nor does it appear Defendant Smith should be subject to the Court's "specific" personal jurisdiction.  Plaintiff has not responded to the MOSC II.

The Court found that Plaintiff failed to allege that he has been subjected to any class-based invidiously discriminatory animus, and therefore failed to show an entitlement to relief under § 1985.  Because Plaintiff has not adequately alleged a claim pursuant to 42 U.S.C. § 1985, he has also failed to adequately allege a claim pursuant to § 1986.

---

[3] Under § 1915, the Court may consider personal jurisdiction and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. Deland,* 49 F.3d 673, 674–75 (10th Cir. 1995) (quotations, alterations omitted)).

The Court found that:  there is no independent constitutional right to state administrative grievance procedures and the voluntary provision of an administrative grievance process does not create a liberty interest in that process; an alleged violation of Kansas regulations or the inmate rule book is not a deprivation of a federal right for which recovery is possible under § 1983; and Plaintiff's retaliation claim is subject to dismissal for failure to state an actionable claim because an inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights and it is imperative that a plaintiff's pleading be factual and not conclusory.

The MOSC II provides that "[i]f Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 13, at 15.)  Plaintiff has failed to respond to the MOSC II by the Court's deadline and has failed to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated January 18, 2024, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**