IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    **Plaintiff,**

v.                                                                                                               CASE NO. 23-3186-JWL

(FNU) WILLIAMS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was a Maryland state prisoner confined at the El Dorado Correctional Facility in El Dorado, Kansas, under an interstate agreement. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 8) ("MOSC"). Plaintiff filed an Amended Complaint (Doc. 12), and the Court entered a Memorandum and Order to Show Cause (Doc. 13) ("MOSC II") directing Plaintiff to show good cause why his Amended Complaint should not be dismissed or to file a second amended complaint to cure the deficiencies set forth in the MOSC II. Plaintiff failed to respond to the MOSC II by the Court's January 3, 2024 deadline. On January 18, 2024, the Court entered a Memorandum and Order (Doc. 14) dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 16).

Plaintiff alleges in his motion for reconsideration that on December 13, 2023, he was "shipped" to the Lansing Correctional Facility, and on the next day—December 14, 2023—he was picked up by the U.S. Marshals and transferred to the North Branch Correctional Institution in

Maryland. (Doc. 16, at 1.) Plaintiff alleges that the first correspondence he received from the Court since the November 30, 2023 order to show cause was received by Plaintiff on February 20, 2024. *Id*. Plaintiff alleges that he does not have his legal materials, making any type of response impossible. *Id*. at 2. Plaintiff asks the Court to reopen this case to allow him to file a second amended complaint. *Id*.

Plaintiff failed to provide this Court with a change of address when he was transferred on December 13–14, 2023. The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff acknowledges that he received the Court's November 30, 2023 MOSC II and was aware of the January 3, 2024 deadline to respond. *See* Doc. 16, at 1 (acknowledging he received the MOSC II); Doc. 16–1, at 4 (December 18, 2023 Inmate Request to NBCI indicating Plaintiff has deadlines rapidly approaching in his case). Despite being aware of the January 3, 2024 deadline, Plaintiff never requested an extension of time to respond.

Plaintiff signed his motion for reconsideration on February 22, 2024. The Court's Memorandum and Order and Judgment dismissing his case were entered on January 18, 2024. Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id*.

Plaintiff does not assert relief under any of the subsections in Rule 60(b). Plaintiff claims in this case that the defendants refused to comply with their administrative remedy procedure by failing to respond to Plaintiff's grievances and falsifying official documents (issuing dispositions for six hearings that were allegedly never held) that negatively impacted Plaintiff's parole decision in Maryland. The Court found in the MOSC II that this matter is subject to dismissal because Plaintiff's claims in the instant case were the basis of previous lawsuits and are barred based on the doctrine of claim preclusion. Because the elements of claim preclusion are met, Plaintiff is

barred from pursuing claims stemming from the six disciplinary charges and his placement and retention in segregation, as well as the handling of his related grievances.[1]  Plaintiff also previously raised an issue regarding forced medication.[2]  The Court also explained that Plaintiff does not have a private right of action to enforce criminal laws.

Plaintiff also includes a denial of access to the courts claim.  The Court found in the MOSC II that it appears that this claim arose from his placement in segregation that was at issue in *Bos*, it was a claim that could have been raised in that lawsuit, and therefore Plaintiff is precluded from raising it in the present action.  *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (claim preclusion prevents a party from litigating a claim that was or *could have been* the subject of a previously issued final judgment).

The Court found that Plaintiff failed to allege that he has been subjected to any class-based invidiously discriminatory animus, and therefore failed to show an entitlement to relief under § 1985.  Because Plaintiff has not adequately alleged a claim pursuant to 42 U.S.C. § 1985, he has also failed to adequately allege a claim pursuant to § 1986.

The Court also found that:  there is no independent constitutional right to state administrative grievance procedures and the voluntary provision of an administrative grievance process does not create a liberty interest in that process; an alleged violation of Kansas regulations or the inmate rule book is not a deprivation of a federal right for which recovery is possible under § 1983; and  Plaintiff's retaliation claim is subject to dismissal for failure to state an actionable claim because  an inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights and it is imperative that a plaintiff's pleading be factual and not conclusory.

---

[1] *See Blake v. Bos*, Case No. 21-3176.
[2] *See Blake v. Wallace*, Case No. 21-3046.

Plaintiff failed to provide the Court with a notice of change of address and failed to request an extension of time despite being aware of his deadline to respond to the MOSC II.  Plaintiff's motion for reconsideration fails to even mention the merits of his claims or how a second amended complaint could cure the deficiencies set forth in the MOSC II.  Plaintiff previously had an opportunity to submit an amended complaint to cure the deficiencies noted by the Court in the MOSC.  *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "failure to cure deficiencies by amendments previously allowed") (citation omitted).  Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 16) is **denied.**

**IT IS SO ORDERED.**

**Dated March 11, 2024, in Kansas City, Kansas.**

S/   John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
